IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AHMED SHARAWI : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 19-5133 |
| WWR PREMIER HOLDINGS, LLC : | |
| : | |
| : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                 **January 7, 2020**

      Presently before the Court is Plaintiff's Motion to Remand to State Court. (ECF No. 3.) For the following reasons, Plaintiff's Motion will be denied.

**I.     BACKGROUND**

      On December 10, 2018, Plaintiff filed a premises liability action against Defendant in the Philadelphia County Court of Common Pleas. Plaintiff alleged that on January 13, 2018, a hole in the ground on Defendant's property caused him to trip, which in turn caused him to sustain certain bodily injuries and the aggravation of pre-existing conditions, including bilateral knee sprain, bilateral knee hypertension, and left ankle sprain. Plaintiff asserted one count seeking damages "in an amount not in excess of Fifty Thousand ($50,000.00) Dollars." (Compl., ECF No. 1 Ex. A.) Plaintiff did not request punitive damages or attorney's fees. (*Id.*) The amount requested was within the court's arbitration limit, thus rendering the case subject to mandatory, court-administered arbitration. (*Id.*; Notice of Removal ¶ 4, ECF No. 1.) *See also* 42 Pa. Cons. Stat. § 7361 (governing compulsory arbitration); Pa.R.C.P. 1301-13 (same); *Punzak v. Allstate Ins. Co.*, No. 07-1052, 2007 WL 1166087, at *3 n.3 (E.D. Pa. Apr. 16, 2007) (explaining compulsory arbitration process in Philadelphia Court of Common Pleas).

On April 17, 2019, Plaintiff filed an Amended Complaint. It appears that the only substantive change from the original Complaint was the addition of several photographic exhibits that were not attached to the original Complaint. (Am. Compl., ECF No. 1 Ex. C.)

On May 21, 2019, in response to Defendant's discovery requests, Plaintiff served various medical records on Defendant. (ECF No. 3 Ex. D.) Among these records was an orthopedic progress report by Dr. Mark D. T. Allen, dated June 11, 2018. According to the report, Plaintiff had two MRIs done on April 25, 2018. An MRI of his lumbar spine revealed several disc protrusions and a disc bulge. An MRI of his right knee showed a torn medial meniscus. (*Id.*) Based on his physical examination, Dr. Allen also indicated: decreased range of motion and pain in the lumbar spine; tenderness at the left ATFL (anterior talofibular ligament); posttraumatic lumbosacral spine sprain and strain; lumbar radiculopathy; left ankle sprain; and left knee contusion. (*Id.*) Dr. Allen's report states that "[i]t remains my opinion, based on a reasonable degree of medical certainty, that these conditions are a direct result of the accident of January 12, 2018." (*Id.*)[1] He recommended continued therapy, arthroscopic knee surgery, and prescription medication for the pain. (*Id.*)

On August 14, 2019, during his deposition, Plaintiff asserted that he was seeking $15,000.00 in lost wages. (Plaintiff's Dep. 74, ECF No. 3 Ex. E.) He also testified that he was expecting to undergo a knee replacement. (*Id.* at 165-66.) This deposition testimony suggests that the knee replacement would be in lieu of arthroscopic knee surgery. On August 16, 2019, Plaintiff served additional medical records on Defendant. (ECF No. 3 Ex. F.)

An arbitration was held on September 12, 2019. (Report & Award of Arbitrators, ECF No. 1 Ex. E; Notice of Removal ¶ 9.) According to the materials that Plaintiff submitted at the

arbitration, he was seeking $8,271.15 in lost wages and $11,168.39 for medical expenses. (ECF No. 3 Ex. G.) The arbitration panel found in favor of Defendant. (Report & Award of Arbitrators, ECF No. 1 Ex. E; Notice of Removal ¶ 9.) On October 3, 2019, Plaintiff filed a Notice of Appeal of the arbitration panel's decision and demanded a trial by jury. (Notice of Appeal, ECF No. 1 Ex. F.)

On October 25, 2019, Defendant asked the Plaintiff to sign a stipulation confirming that the total damages at issue in the suit were limited to $75,000.00. (October 25, 2019 Correspondence, ECF No. 1 Ex. G; November 1, 2019 Correspondence, ECF No. 4 Ex. A.) Defendant advised that he would seek to remove the matter to federal court if Plaintiff did not execute and return the stipulation by October 31, 2019. (October 25, 2019 Correspondence.) On November 1, 2019, Plaintiff rejected Defendant's request. In so doing, Plaintiff advised Defendant that in light of the discovery exchanged months prior, Plaintiff's medical records, Plaintiff's August 14, 2019 deposition, Plaintiff's arbitration materials, and the evidence presented at the arbitration hearing, the time to remove under 28 U.S.C. § 1446 had passed. (November 1, 2019 Correspondence.)

That same day, Defendant filed a Notice of Removal, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal.) According to Defendant, "Plaintiff's failure to execute the [stipulation] along with Plaintiff's amendment to discovery responses setting forth a claim for lost wages as well as the need for a future surgical procedure confirm that the amount in controversy is in excess of $75,000.00." (*Id.* ¶ 14.) Plaintiff filed a Motion to Remand on November 12, 2019 (ECF No. 3), and Defendant filed a response on November 26, 2019. (ECF No. 4.)

---

[1] Clearly Dr. Allen was referring to the January *13*, 2018 accident.

## II. DISCUSSION

### A. Statutory Framework Governing Removal in Diversity Actions

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1).[2] "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…." 28 U.S.C. § 1446(a). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--

> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
>> (i) nonmonetary relief; or
>>
>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

---

[2] The parties do not dispute diversity of citizenship. They only dispute the amount in controversy.

Normally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).[3] "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

B.     **The Amount in Controversy Exceeds $75,000**

The parties dispute two issues: (1) whether the requisite amount in controversy has been met for purposes of diversity jurisdiction; and (2) whether Defendant timely filed its Notice of Removal within 30 days of the date on which it could "first be ascertained" that the case had become removable. *See* 28 U.S.C. § 1446(b)(3). We first consider whether the amount in controversy has been met.

---

[3]     This exception to the 30-day rule does not apply where the basis of jurisdiction is diversity under 28 U.S.C. § 1332 and "more than 1 year" has passed since the commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Because Defendant removed this case within a year of commencement, this section does not apply.

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004); *accord* 28 U.S.C. § 1446(c)(2) (stating that subject to two exceptions, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). Here, the *ad damnum* clause in Plaintiff's one-count Amended Complaint specifically requested "an amount not in excess of Fifty Thousand ($50,000.00) Dollars." Generally, however, "*ad damnum* clauses do not limit the amounts recoverable in state court." *Wilson v. Walker*, 790 F. Supp. 2d 406, 409 (E.D. Pa. 2011). Moreover, although the demand in Plaintiff's *ad damnum* clause may have triggered a damages cap for purposes of Pennsylvania court-administered compulsory arbitration proceedings, once a plaintiff demands a trial after arbitration, he "may seek more than $50,000 in damages." *Id*. (citing *Vanden-Brand v. Port Auth. of Allegheny Cnty.*, 936 A.2d 581, 584 (Pa. Commw. Ct. 2007)); *Scaife v. CSX Transp., Inc.*, No. 19-60, 2019 WL 3353727, at *4 n.7 (W.D. Pa. July 25, 2019). However, several courts in this District have determined that "the mere possibility that a plaintiff *could* recover more than $75,000 from an appeal of a compulsory arbitration is insufficient to prove that the amount in controversy *does* exceed $75,000." *See*, *e.g.*, *Coates v. Nationwide Ins. Co.*, No. 12-4031, 2013 WL 5224004, at *4 & n.6 (E.D. Pa. Sept. 16, 2013) (internal quotations omitted) (collecting cases). We agree. Accordingly, we must look further to determine whether the amount in controversy has been sufficiently established.

Where, as here, state practice "either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" in a complaint, the defendant

may assert an amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2).[4] In that situation, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. *See* 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014). The defendant bears the burden of proof on this issue and "must justify its jurisdictional assertions with some objective, factual basis." *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 597 (D.N.J. 2016). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (internal citation omitted). "'[E]stimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated.'" *Congregation of Beth Israel of Mahanoy City v. Congregation Eitz Chayim of Dogwood Park*, No. 16-1671, 2017 WL 3392353, at *3 (M.D. Pa. Aug. 7, 2017) (quoting *Samuel-Bassett*, 357 F.3d at 403). "The court must measure the amount 'not … by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Id*. (quoting *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002)). When conducting this analysis, "doubts must be resolved in favor of remand." *Samuel-Bassett*, 357 F.3d at 403.

---

[4] The Pennsylvania Rules of Civil Procedure do not allow plaintiffs to demand a specific sum where, as here, damages are not fixed. *See Scaife*, 2019 WL 3353727, at *4 (citing Pa. R. C. P. 1021(b)) ("Any pleading demanding relief for unliquidated damages shall not claim any specific sum."). Pennsylvania law also permits recovery in excess of the amount demanded in the complaint, at least in cases, like this one, in which the plaintiff initially alleges damages below a compulsory arbitration limit, but later appeals the arbitration award and seeks a full trial. *See id*. at *4 n.7; *Wilson*, 790 F. Supp. 2d at 409.

Plaintiff's Amended Complaint alleges that as a result of Defendant's negligence, Plaintiff suffered "serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions." (Am. Compl. ¶ 8.) Plaintiff's medical records reveal that as a result of this fall, Plaintiff had an MRI of his right knee and an MRI of his neck and back. The MRI of the right knee revealed a torn medial meniscus that will require future surgery that may include knee replacement. The MRI of the back revealed bulges in the discs of the lumbar spine at L2-L3 and L3-L4, and disc protrusions at L1-L2, L4-L5, and L5-S1, which are causing lumbar radiculopathy and decreased range of motion. Plaintiff is receiving shots and medications for this back pain and he has been advised that surgery is an option. Plaintiff also suffered a contusion of the left knee and a sprain of the left ankle.

When we consider the serious nature of the injuries sustained by Plaintiff in this fall, the pain and suffering that Plaintiff has had to endure and will continue to endure in the future as a result of those injuries, the fact that Plaintiff is going to have to undergo surgery in the future on his right knee, the fact that Plaintiff is continuing to receive treatment for the pain related to the herniated discs in his back, the medical expense that he has already incurred and will undoubtedly incur in the future, the lost earnings that he has already incurred and will undoubtedly incur in the future, and the fact that at the time of his deposition Plaintiff had already incurred more than $20,000 in lost earnings and medical expenses, it is perfectly reasonable to estimate that the amount recoverable by Plaintiff will exceed $75,000.

### C. Defendant Timely Filed Its Notice of Removal

Since we have concluded that the minimum amount in controversy has been established, we must now determine if Defendant filed its Notice of Removal "within 30 days after receipt … of a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case [had] become removable." *See* 28 U.S.C. § 1446(b)(3). Plaintiff contends that Defendant had until September 13, 2019 to file the Notice of Removal because by that date, Defendant had in its possession all of the discovery and other information that was probative of the amount in controversy. (*See* Pl. Br. 12-13, ECF No. 3.) We agree with Plaintiff that Defendant was in possession of all of the material bearing on the amount in controversy by mid-September 2019—more than 30 days before the Notice of Removal was filed—but we disagree with Plaintiff's suggestion that the 30-day clock under 28 U.S.C. § 1446(b)(3) began to run from that time.

"Courts of this district have consistently held that cases subject to compulsory arbitration under Pennsylvania law may not be removed for lack of federal jurisdiction." *Foster v. Home Depot Inc.*, No. 05-1999, 2006 WL 470596, at *2 (E.D. Pa. Feb. 24, 2006) (collecting cases); *Echevarria v. Schindler Elevator Corp.*, No. 14-2411, 2015 WL 356942, at *3 (E.D. Pa. Jan. 26, 2015); *see also Weddington v. Strawbridge's*, No. 08-3359, 2008 WL 4522483, at *2-3 (E.D. Pa. Oct. 2, 2008) ("[A] case subject to compulsory arbitration in Pennsylvania is incapable of satisfying the Section 1332(a) amount in controversy requirement."). Accordingly, had Defendant attempted to remove this action before the arbitration award was appealed on October 3, 2019, we would have had to remand it. *See Foster*, 2006 WL 470596, at *3. Once Plaintiff appealed the arbitration decision, however, "the jurisdictional limitation imposed by § 7361 no longer applied" and the case became "subject to removal." *See id.*; *see also Weddington*, 2008

WL 4522483, at *3 ("[I]f the eventual arbitration outcome were to be appealed by either party, the jurisdictional limitation of the state compulsory arbitration law would no longer apply, and damages evidence might support removal at that time."). In other words, the Notice of Appeal, "in conjunction with the injuries plead[ed] in Plaintiff's Complaint, the discovery that Defendants received … and the deposition of Plaintiff, constituted 'other paper' within the meaning of the removal statute" and "alerted Defendant[] to the fact that the verdict risk in this case now exceeded $75,000." *See Foster*, 2006 WL 470596, at *3.

Defendant filed its Notice of Removal on Friday, November 1, 2019, less than 30 days after Plaintiff filed his Notice of Appeal on October 3, 2019. The Notice of Removal was timely under 28 U.S.C. § 1446(b)(3).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand will be denied.

An appropriate order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**